IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS,<br><br>    Plaintiff,<br><br>  vs.<br><br>HARVEY OAKS, L.L.C., and<br>SPIRIT SPE ALBTSN PORTFOLIO 2013-6, LLC,<br><br>    Defendants. | **8:18CV136**<br><br>**ORDER** |

  This matter is before the Court on the Motion to Stay Action (Filing No. 14) filed by Defendant, Harvey Oaks, L.L.C. ("Harvey Oaks"). Harvey Oaks asks that the Court stay the case for a period of 120-days to provide it with a reasonable time to review and remedy Plaintiff's alleged Americans with Disabilities Act ("ADA") violations, which may possibly moot Plaintiff's claims. Plaintiff opposes the stay. (Filing No. 20). For the reasons stated below, the motion will be granted.

  Plaintiff filed the instant action on March 27, 2018, for violations of the ADA. (Filing No. 1). Plaintiff has cerebral palsy and uses a wheelchair for mobility. She alleges that on February 14, 2018, she encountered various barriers when she attempted to patronize the multi-tenant commercial buildings known as "Harvey Oaks Plaza," owned and operated by the defendants, located at 14506 West Center Rd, 14444 West Center Rd, and 14418 West Center Rd, in Omaha NE 68144. (Filing No. 1). Plaintiff identifies a non-exhaustive list of physical barriers and ADA violations she encountered at the Harvey Oaks Plaza, including:

- The customer parking lot had approximately 611 total parking spaces but had fewer than 13 parking spaces reserved for persons with disabilities that complied with [ADA Accessibility Guidelines ("ADAAG")] 502, in violation of ADAAG 208.2. To the extent the "Harvey Oaks Plaza" customer parking was divided into two distinct parking facilities (a central lot and a smaller northeast lot), the central lot had 563 total parking spaces requiring 12 accessible spaces complying with ADAAG 502, and the northeast lot had 48 total parking spaces requiring 2 accessible parking spaces complying with ADAAG 502. To the extent "Harvey Oaks Plaza" contains two

- separate parking facilities, "Harvey Oaks Plaza" is required to have a total of 14 accessible parking spaces according to ADAAG 208.2.
- The access aisle adjacent to the 1 parking space reserved for persons with disabilities by A+ Buffet was found to have been full of snow, making it unusable and showing that "Harvey Oaks Plaza" had failed to make reasonable modifications in policies, practices, or procedures to ensure accessibility, in violation of 28 C.F.R. § 36.302.
- One parking space reserved for persons with disabilities by Romeo's Mexican Food & Pizza lacked adjacent access aisles at least 5 feet in width, in violation of ADAAG 502.3.
- The 2 parking spaces reserved for persons with disabilities by Plato's Closet had slopes steeper than 1:48, in violation of ADAAG 502.4.
- Two parking spaces near Family Fare had slopes in their shared adjacent access aisle steeper than 1:48, in violation of ADAAG 502.4.
- Two parking spaces located near Tires Plus were not reserved through posted signage, in violation of ADAAG 216.5 and 502.6
- The "Harvey Oaks Plaza" customer parking lot had 2 van parking spaces complying with ADAAG 502, rather than the required 3, in violation of ADAAG 208.2.4
- The parking spaces reserved for persons with disabilities in the "Harvey Oaks Plaza" customer parking lot complying with ADAAG 502 were not dispersed on the shortest accessible routes to the accessible entrances of tenant businesses, in violation of ADAAG 208.3.1.
- "Harvey Oaks Plaza" tenant businesses included Progress Physical Therapy, which provides outpatient physical therapy services, but did not allocate additional nearby parking as accessible parking spaces to patients and visitors, in violation of ADAAG 208.2.1

(Filing No. 1).

Plaintiff served a copy of the summons and Complaint on Harvey Oaks on April 3, 2018. (Filing No. 7). The Court granted Harvey Oaks' unopposed motion to extend its responsive pleading deadline to May 15, 2018. (Filing No. 10). Harvey Oaks filed the instant motion to stay on May 14, 2018. (Filing No. 14). At the time Harvey Oaks filed its motion, Defendant Spirit SPE (represented by other counsel) was in default. The Court subsequently granted Spirit SPE's motion to set aside the clerk's entry of default (Filing No. 27), and Spirit SPE filed an answer to the Complaint on June 18, 2018. (Filing No. 28).

Harvey Oaks did not submit any evidence with its initial motion, but submitted the Affidavit of Paul Dietsch with its reply. (Filing No. 25-1). Dietsch is a licensed attorney and the Executive Vice President of Noddle Companies. Noddle Companies provides professional management services with respect to the leasing and maintenance of the Harvey Oaks Plaza property. According to Dietsch, upon receiving notice of this lawsuit, Noddle Companies began

reviewing the Harvey Oaks Plaza property to determine what remedial work may be required to address Plaintiff's alleged ADA violations. Noddle Companies has determined "significant construction work may need to be implemented to address the issue of slope in the parking lot" and that a "civil engineering firm should be engaged in order to survey and design the changes which may be necessary in these areas." On May 23, 2018, Dietsch "confirmed with a civil engineering firm that at least three (3) to (four) weeks are required in order to complete the survey and design of the construction area." After that, Noddle Companies will accept bids from contractors to schedule the work to be completed, which will take a significant amount of time at this time of year. Noddle Companies requests additional time to complete such remedial construction to address Plaintiff's parking lot ADA violations. (Filing No. 25-1).

## ANALYSIS

"A district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996), *aff'd*, 520 U.S. 681 (1997)(citing *Landis v. North American Co.*, 299 U.S., 248, 254-56 (1936)). "Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant." *Skidmore v. ACI Worldwide, Inc.*, 2008 WL 4186247, at *2 (D. Neb. Sept. 9, 2008)(Thalken, J.)(citing *Jones*, 72 F.3d at 1365). "In evaluating a stay, a court should consider several relevant factors including 'maintaining control of its docket, conserving judicial resources, and the important interest of providing for the just determination of cases pending before the court.'" *Rosales v. Heath*, 2017 WL 2533365, at *2 (D. Neb. June 9, 2017)(Zwart, J.)(quoting *Daywitt v. Minnesota*, 2016 WL 3004626, *5 (D. Minn. May 24, 2016)). The court and the parties have an interest in securing the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Based on the circumstances of this case and the arguments advanced by the parties, the Court finds that Harvey Oaks' requested stay is warranted. First, "unless enforced by Attorney General, only remedy for violation of Title III of ADA is injunctive relief." *Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662, 663 (8th Cir. 2013)(citing 42 U.S.C. § 12188(a)). A stay of this action would cause no prejudice to Plaintiff because Harvey Oaks has requested the stay to

3

voluntarily provide Plaintiff with the relief sought in her Complaint, namely, to remedy the alleged ADA violations she encountered in the Harvey Oaks parking lot. Harvey Oaks represents it is actively in the process of planning significant construction work to remedy the parking lot. As such, the requested stay will prevent the parties from incurring unnecessary litigation fees and expenses, which will conserve both the resources of the parties and of the court, since voluntary remediation of ADA accessibility violations may moot a plaintiff's claims. See *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018); *Wright v. RL Liquor*, 887 F.3d 361, 363 (8th Cir. 2018). Harvey Oaks' requested stay is relatively short in duration when considering the scope of construction it represents needs to be completed. Finally, based on the affidavit before the Court, the stay appears to be requested in good faith. Accordingly,

**IT IS ORDERED:**

1. Defendant Harvey Oaks' Motion to Stay Action (Filing No. 14) is granted. This case is stayed through and until **September 11, 2018**.
2. During the course of the stay, Harvey Oaks shall provide the Court with a status report regarding the progress of remedial construction on or before **July 25, 2018**, and every thirty-days thereafter, until the stay is lifted by the Court.

Dated this 25th day of June, 2018.

                BY THE COURT:

                s/ Michael D. Nelson
                United States Magistrate Judge

.